# EXHIBIT A

**If you do not respond to this document within applicable time limits, Judgment could be entered against you as requested.**

LINDY W. HAMILTON (8402)
ROBERT W. GIBBONS (13221)
**GRIDLEY WARD & HAMILTON**
Attorneys for Plaintiffs
635 25th Street
Ogden, Utah 84401
Telephone:  (801) 621-3317
efiling@gwhlaw.net

IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY

STATE OF UTAH, OGDEN DEPARTMENT

| | |
|---|---|
| JOSE LOZA and DESTINY HERNANDEZ, as guardians of the minor child JADEN LOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC; VICTORIA'S SECRET STORES, INC.; VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC; VICTORIA'S SECRET & CO.; AND DOES I-V,<br><br>Defendant. | **COMPLAINT**<br><br><br><br><br><br><br><br>Case No. 220902856<br><br>Judge Jennifer Valencia |

Plaintiffs allege as follows:

**PARTIES AND JURISDICTION**

1. At all times material hereto, Plaintiffs were residents of Weber County, State of Utah.

2. The incident in question took place in Ogden, Weber County, Utah.

3. At all times material hereto, Defendant Victoria's Secret Stores, LLC (hereinafter "Victoria's Secret), located inside the Newgate Mall at 3651 Wall Avenue,

Ogden, Utah, was an Ohio corporation licensed to do business under the laws of the State of Utah and engaged in business in Weber County, State of Utah.

4. At all times material hereto, Defendant's employees, agents and/or servants were acting in the course, scope and authority of their employment for Defendant Victoria's Secret.

5. Defendants John Does I - V are individuals or entities at the present unknown to the plaintiffs who may be liable to the plaintiffs.  Upon ascertaining the identities of such Defendants, the plaintiffs will seek leave to amend the complaint if necessary.

## LIABILITY AGAINST DEFENDANT VICTORIA'S SECRET

6. On January 5, 2015, 7 year old Jaden Loza was with her mother at Victoria's Secret, looking at the displayed lotions on the lowest shelf.  Some uncovered light fixtures were placed along the shelf, not visible to Jaden's mother from a higher level.  Jaden reached out her right arm and her right hand made contact with an exposed light fixture, suffering an electric shock through her hand and arm.  She went pale and appeared to stop breathing.

7. As a result of the electrocution, Jaden sustained complex regional pain syndrome (CRPS) of the upper extremity.

8. Defendant was negligent in one or more of the following particulars:

   a. Defendant through its employees, agents and/or servants created a dangerous condition and failed to take adequate steps to remedy the condition;

   b. Defendant through its employees, agents and/or servants knew, or should have known, of the dangerous condition on the premises and failed to remedy

such condition or take adequate steps to prevent injury to its invitees;

    c.    Defendant was negligent in failing to properly hire/fire, train, and/or supervise its employees, agents and/or servants.

9.    The negligence of Defendant's employees, agents and/or servants is imputed to Defendant under the legal doctrine of respondeat superior.

## DAMAGES UNDER TIER 3
(Damages In Excess Of $300,000)

10.    Said incident has caused Plaintiffs economic losses to date in excess of $30,000. In addition, Plaintiffs are expected to incur future economic damages in an amount in excess of $300,000 as well as such other economic damages to be proven at trial.

9.    As a direct and proximate result of Defendant's negligence, Jaden suffered non-economic damages, including severe and permanent injuries to her person, pain and suffering, and emotional and mental distress for which she should be compensated in amount in excess of $100,000.

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For economic and non-economic damages in an amount exceeding $300,000, including but not limited to:

    a. medical expenses, past and future, as may be proven at trial herein;

    b. lost wages, past and future, as may be proven at trial herein;

    c. household services, past and future, as may be proven at trial herein.

2.    For interest upon the damages awarded as allowed by law, including prejudgment interest pursuant to U.C.A. §78B-5-824 (2014).

  3.  For Plaintiffs' costs incurred herein.

  4.  For such other relief as may be deemed fair and equitable under the circumstances.

  DATED this __1st__ day of July, 2022.

/s/ *Lindy W. Hamilton*  (8402)
LINDY W. HAMILTON
Attorney for Plaintiffs

**If you do not respond to this document within applicable time limits, Judgment could be entered against you as requested.**

LINDY W. HAMILTON (8402)
ROBERT W. GIBBONS (13221)
**GRIDLEY WARD & HAMILTON**
Attorneys for Plaintiffs
635 25th Street
Ogden, Utah 84401
Telephone: (801) 621-3317
efiling@gwhlaw.net

---

IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY

STATE OF UTAH, OGDEN DEPARTMENT

---

| | |
|---|---|
| JOSE LOZA and DESTINY HERNANDEZ, as guardians of the minor child JADEN LOZA,<br><br>  Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC and DOES I-V,<br><br>  Defendant. | **FIRST AMENDED COMPLAINT**<br><br><br><br>Case No. 220902856<br><br>Judge Jennifer Valencia |

Plaintiffs allege as follows:

**PARTIES AND JURISDICTION**

1.  At all times material hereto, Plaintiffs were residents of Weber County, State of Utah.

2.  The incident in question took place in Ogden, Weber County, Utah.

3.  At all times material hereto, Defendant Victoria's Secret Stores, LLC (hereinafter "Victoria's Secret), located inside the Newgate Mall at 3651 Wall Avenue, Ogden, Utah, was an Ohio corporation licensed to do business under the laws of the State of Utah and engaged in business in Weber County, State of Utah.

4.  At all times material hereto, Defendant's employees, agents and/or servants were acting in the course, scope and authority of their employment for Defendant Victoria's Secret.

5.  Defendants John Does I - V are individuals or entities at the present unknown to the plaintiffs who may be liable to the plaintiffs.  Upon ascertaining the identities of such Defendants, the plaintiffs will seek leave to amend the complaint if necessary.

## LIABILITY AGAINST DEFENDANT VICTORIA'S SECRET

6.  On January 5, 2015, 7 year old Jaden Loza was with her mother at Victoria's Secret, looking at the displayed lotions on the lowest shelf.  Some uncovered light fixtures were placed along the shelf, not visible to Jaden's mother from a higher level.  Jaden reached out her right arm and her right hand made contact with an exposed light fixture, suffering an electric shock through her hand and arm.  She went pale and appeared to stop breathing.

7.  As a result of the electrocution, Jaden sustained complex regional pain syndrome (CRPS) of the upper extremity.

8.  Defendant was negligent in one or more of the following particulars:

    a.  Defendant through its employees, agents and/or servants created a dangerous condition and failed to take adequate steps to remedy the condition;

    b.  Defendant through its employees, agents and/or servants knew, or should have known, of the dangerous condition on the premises and failed to remedy such condition or take adequate steps to prevent injury to its invitees;

  c. Defendant was negligent in failing to properly hire/fire, train, and/or supervise its employees, agents and/or servants.

 9. The negligence of Defendant's employees, agents and/or servants is imputed to Defendant under the legal doctrine of respondeat superior.

## DAMAGES UNDER TIER 3
(Damages In Excess Of $300,000)

 10. Said incident has caused Plaintiffs economic losses to date in excess of $30,000.  In addition, Plaintiffs are expected to incur future economic damages in an amount in excess of $300,000 as well as such other economic damages to be proven at trial.

 9. As a direct and proximate result of Defendant's negligence, Jaden suffered non-economic damages, including severe and permanent injuries to her person, pain and suffering, and emotional and mental distress for which she should be compensated in amount in excess of $100,000.

 WHEREFORE, Plaintiffs pray for relief as follows:

 1. For economic and non-economic damages in an amount exceeding $300,000, including but not limited to:

  a.  medical expenses, past and future, as may be proven at trial herein;

  b.  lost wages, past and future, as may be proven at trial herein;

  c.  household services, past and future, as may be proven at trial herein.

 2. For interest upon the damages awarded as allowed by law, including prejudgment interest pursuant to U.C.A. §78B-5-824 (2014).

 3. For Plaintiffs' costs incurred herein.

4. For such other relief as may be deemed fair and equitable under the circumstances.

DATED this __22nd__ day of July, 2022.

                                  /s/ *Lindy W. Hamilton*  (8402)
                                  LINDY W. HAMILTON
                                  Attorney for Plaintiffs

LINDY W. HAMILTON (8402)
ROBERT W. GIBBONS (13221)
**GRIDLEY WARD & HAMILTON**
Attorneys for Plaintiffs
635 25th Street
Ogden, Utah 84401
Telephone: (801) 621-3317
efiling@gwhlaw.net

IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY

STATE OF UTAH, OGDEN DEPARTMENT

| | |
|---|---|
| JOSE LOZA and DESTINY HERNANDEZ, as guardians of the minor child JADEN LOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC; AND DOES I-V,<br><br>Defendant. | **PLAINTIFFS' NOTICE OF DISMISSAL OF CLAIMS AGAINST VICTORIA'S SECRET STORES, INC.; VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC; VICTORIA'S SECRET & CO.**<br><br>Case No. 220902856<br><br>Judge Jennifer Valencia |

COME NOW Plaintiffs, pursuant to Utah R. Civ. Proc. Rule 41(a), and hereby voluntarily dismiss from this action the following Defendants (who were named in the original Complaint but not in the Amended Complaint): Victoria's Secret Stores, Inc.; Victoria's Secret Direct Brand Management, LLC; and Victoria's Secret & Co.

Victoria's Secret Stores, LLC, remains a Defendant in this action.

Whereas this notice is filed before the appearance of any defendant, it may be done without court order pursuant to Utah R. Civ. Proc. Rule 41(a)(1)(A)(i).

DATED this __4th__ day of August, 2022.

/s/ *Robert W. Gibbons* (13221)
ROBERT W. GIBBONS
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this __4th__ day of August, 2022, a copy of the foregoing was served in the manner indicated below upon the following:

| | |
|---|---|
| Meghan A. Sheridan | ___ U.S. Mail |
| Hall & Evans | ___ Electronic Filing |
| 175 South Main Street, Suite 610 | ___ Overnight |
| Salt Lake City, UT 84111 | ___ Facsimile |
| sheridanm@hallevans.com | _X_ E-mail |

_Stephanie Colvin_

LINDY W. HAMILTON (8402)
ROBERT W. GIBBONS (13221)
**GRIDLEY WARD & HAMILTON**
Attorneys for Plaintiffs
635 25th Street
Ogden, Utah 84401
Telephone: (801) 621-3317
efiling@gwhlaw.net

IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY

STATE OF UTAH, OGDEN DEPARTMENT

| | |
|---|---|
| JOSE LOZA and DESTINY HERNANDEZ, as guardians of the minor child JADEN LOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC and DOES I-V,<br><br>Defendant. | **ACCEPTANCE OF SERVICE**<br><br><br><br>Case No. 220902856<br><br>Judge Jennifer Valencia |

Meghan Sheridan and Alexis King, counsel for Defendant above-named, hereby acknowledge receipt of the Summons and First Amended Complaint and accepts the same as if personally served upon Defendant above-named.

DATED this __4th__ day of August, 2022.

                                  /s/ Meghan Sheridan
                                  MEGHAN SHERIDAN
                                  ALEXIS KING
                                  Attorneys for Defendants
                                  *Victoria's Secret Stores, LLC*